UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:20-CR-51 |
| v. ) | |
| ) | JUDGE JORDAN |
| DUSTIN TRENDELL LONG, ) | |
| also known as "D-LONG" ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the Honorable J. Douglas Overbey, the United States Attorney for the Eastern District of Tennessee, submits this Sentencing Memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure and Local Rules of the United States District Court for the Eastern District of Tennessee (LR83.9), to address the sentencing factors set out at Title 18, United States Code, Section 3553(a) for Dustin Trendell Long, also known as "D-Long," hereinafter the "defendant."

Case Overview

The nature and circumstances of the offense are set out in the agreed upon facts, which are set forth in the Plea Agreement. (Doc. 2). A summary of those facts establish that, in the fall of 2013, the Federal Bureau of Investigation (FBI) and the Johnson City Police Department (JDPC) began an investigation into drug trafficking, firearms offenses, and related gang activities in Johnson City. The investigation identified the defendant as a possible target, and investigators began to monitor the defendant's activities in 2015. Investigators learned that the defendant has a prior, felony conviction for Possession of a Schedule II controlled substances in Washington County, Tennessee, (Case 31435), with a conviction date of September 5, 2006.

1

During the investigation, investigators conducted several controlled buys from persons associated with the defendant. As the investigation continued, multiple informants identified the defendant as a source for cocaine. The defendant admitted that during the time-period alleged in the Information that he was distributing quantities of cocaine to friends and associates in the Johnson City, TN, area and, for purposes of this plea agreement, the defendant agreed and stipulated that he distributed more than 50, but less than 100, grams of cocaine on the dates set forth in the Information.

On April 9, 2020, the United States filed an Information alleging in a single count that the defendant distributed a quantity cocaine. (Doc. 1). On that same day, the United States filed a plea agreement. (Doc. 2). On May 7, 2020, the defendant filed a Waiver of Indictment, and entered a guilty plea to the Information. (Docs. 9 and 10). The U.S. Probation Office filed a Presentence Investigation Report (PSR) on July 21, 2020. (Doc. 13).

Offense Computation

Count One of the Information has no minimum mandatory provision, but has a maximum punishment of up to 20 years. 21 U.S.C. § 841(b)(1)(C). Using the 2018 U.S. Sentencing Guidelines Manual (U.S.S.G.), the Base Offense Level is 14. There are no adjustments for Specific Offense Characteristics, Victim, Role, or Obstruction of Justice. (PSR, ¶¶ 16-21). The defendant receives a 2-level reduction based upon his acceptance of responsibility under U.S.S.G. § 3E1.1(a). (PSR, ¶ 23). His total offense level is 12. (PSR, ¶ 24).

The defendant's criminal history calculation resulted in a point for a 2002 Sale of Schedule II, in Washington County, TN, for which he received a 3-year term of imprisonment that was suspended. (PSR, ¶ 29). An additional point resulted from a 2006 conviction for Vandalism and

2

Case 2:20-cr-00051-RLJ-CRW   Document 14   Filed 08/03/20   Page 2 of 5   PageID #: 177

Assault in the Sullivan Co. General Sessions Court in Tennessee. (PSR, ¶ 30). The defendant's Criminal History Computation is a Category II. (PSR, ¶ 31).

Based on the Total Offense Level of 12, and a criminal history category of II, the defendant's guideline range of imprisonment is 12-18 months, with a term of supervised release of at least 3 years. (PSR, ¶¶ 52 and 56).

Sentencing Factors

Pursuant to 18 U.S.C. § 3553(a), the Court, "shall impose a sentence sufficient, but not greater than necessary," and in doing so, must consider the factors set out therein. The United States believes that the following facts and factors are relevant in assisting the Court with imposition of a sufficient sentence:

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The defendant's full involvement in the FBI and JCPD investigation is unknown. The defendant agreed that he distributed cocaine to a circle of friends and acquaintances. The nature and circumstances of the case, as set out in the plea agreement, are not egregious when compared to other drug distributors in the Eastern District of Tennessee.

In addition to the nature and circumstances of the offense, the Court must look to the history and characteristics of the defendant. The defendant's criminal activity began when he was 19 years old. His first offense involved a Domestic Assault. (PSR, ¶ 28). Only five months later, he was again arrested and his arrest involve a similar offense to this conviction – the distribution of a Schedule II controlled substance, and he received a three year sentence, which the court suspended to probation. (PSR, ¶ 29). He was convicted of the drug distribution offense in September of 2006,

3

and it appears that while that case was pending he received his third conviction for Vandalism and Assault. (PSR, ¶ 30). Again, the State court placed the defendant on probation.

On a personal level, the defendant is married. He maintains a close relationship with his mother, and an amicable relationship with his father. He also maintains close relationships with one of his siblings. He has eight children – two with his current spouse. (PSR, ¶¶ 39-41). He is in good physical health. (PSR, ¶¶ 42-43).

Despite the prior arrests and convictions, as well as his current conviction, the defendant denies the use of illegal substances since December of 2017. His self-reported use of illegal substances began at age 15, and continued until 2017. He denies overconsumption of alcohol. One area of employment, Mixed Martial Arts (MMA) fighting, apparently requires drug testing. He denies any use of illegal substances while on pretrial release. (PSR, ¶ 46).

    2.    <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.</u>

Unlike many defendants, this defendant has no juvenile record. The defendant's prior history with State courts reflects one in which he did not respect the law. His convictions often occurred when he was already arrested for another offense. The State court convictions and sentences failed to deter his criminal conduct.

    3.    <u>Protect the Public from Further Crimes of the Defendant.</u>

The defendant's criminal convictions are violent offenses directed towards a single person, or are drug related. Given one of his areas of employment, his willingness to be violent with two women is troubling. Likewise, his continued involvement, to whatever degree, in the distribution of cocaine, whether to friends or unknown persons, must cease.

Sentence Recommendation

The government concurs with U.S. Probation that the defendant has a Criminal History Category of II and an offense level of 12. Additionally, the United States agrees that the guideline imprisonment range is 12-18 months, and that this range adequately considers the sentencing factors enumerated in 18 U.S.C. § 3553(a). The United States objects to any departure or variance from the correctly calculated sentencing guideline range.

Given the facts as applied to these § 3553 factors, the United States believes that a sentence within the guidelines is appropriate.

J. DOUGLAS OVERBEY
United States Attorney

By: *(signature)*

B. TODD MARTIN
Assistant U.S. Attorney
BPR: 018785
220 West Depot Street, Ste. 423
Greeneville, TN 37743
Todd.Martin2@usdoj.gov
423/639-6759